## Otis F. Smith *vs.* Robert M. Johnson.

October Term, 1896.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

*Slander—Plea in Justification.*

To a declaration in slander a plea is insufficient which states merely that the defendant believed the words to be true, when from their nature he must have known whether they were true or false.

Action on the Case for slander. The defendant filed a special plea to which the plaintiff demurred generally.

Heard on demurrer at the September Term, 1896, Rutland County, *Rowell,* J., presiding. *Pro forma* judgment over-ruling the demurrer and adjudging the plea sufficient. The plaintiff excepted.

The declaration alleges that the slanderous words were spoken concerning the plaintiff in his office of Justice of the Peace with the meaning that the plaintiff had received the money, liquor and gloves with the corrupt understanding that he should favor the defendant in prosecutions before the plaintiff for violation of the law against liquor selling. The plea admits the speaking of the words in the sense charged, but attempts to justify their use by alleging that they were spoken without malice and with a belief in their truth by way of answer to one who inquired of the defendant concerning the plaintiff's fitness to hold the said office, the plaintiff then being a candidate for appointment thereto. The words charged are recited in the opinion.

*W. H. Button* and *C. M. Wilds* for the plaintiff.

The defendant was bound either to deny the speaking of the words or to allege their truth. He has done neither. The fact that the plaintiff was a candidate for public office would have justified criticism but did not justify a distinct charge of crime. The defendant was bound to know whether the charge was true. This distinction is made clear by a long line of cases showing the growth of the law. *Clarges* v. *Rowe,* 3 Lev. 30; *How* v. *Prin,* 7 Mod. 107; *Harwood* v. *Astley,* 4 Bos. & Pul. 47; *Davis* v. *Shepstone,* 11 App. Cas. 187; *Com.* v. *Clap,* 4 Mass. 163; *Brewer* v. *Weakley,* 2 Overt. 99; *Seely* v. *Blair,* Wright 358; *Mayrant* v. *Richardson,* 1 Nott & McCord 347; *Aldrich* v. *Printing Co.* 9 Minn. 133; *Lewis* v. *Few,* 5 Johns. 1; *Root* v. *King,* 7 Cow. 613; *King* v. *Root,* 4 Wend. 113; *Hamilton* v. *Eno,* 81 N. Y. 116; *Rowand* v. *DeCamp,* 96 Pa. St. 493; *Bailey* v. *Kalamazoo Pub. Co.,* 40 Mich. 254; *Bronson* v. *Bruce,* 59 Mich. 467; *Curtis* v. *Mussey,* 6 Gray 261; *Burt* v. *Newspaper Co.,* 154 Mass. 238.

*Butler & Moloney* for the defendant.

It is admitted by the demurrer that the defendant spoke the words without malice, with good reason to believe, and with actual belief, in their truth. They were spoken concerning the plaintiff's fitness for a public office for which he was a candidate, and spoken by way of answer to an inquiry made by one whose support had been solicited by the plaintiff. The communication was, therefore, privileged. Odger, Libel, 198–212; *Shurtleff* v. *Stevens*, 51 Vt. 512; II Green. Ev. 421; *Carpenter* v. *Willey*, 65 Vt. 176; *Clemmons* v. *Danforth*, 67 Vt. 617; *Posnett* v. *Marble*, 62 Vt. 488; *Nott* v. *Stoddard*, 38 Vt. 26.

TAFT, J. The question before us is as to the sufficiency of a plea to the declaration. It is alleged in the declaration that the defendant maliciously spoke of the plaintiff that he, the defendant, had paid the plaintiff five dollars, and what liquor the plaintiff wanted from a pint to a quart a month while Curley Parker was in his saloon; that he, the defendant, had enclosed a ten dollar bill in a letter, mailed to the plaintiff, that he took a five dollar bill out of his pocketbook and put it into a new pair of gloves which Curley Parker had and gave to the plaintiff, and that he did these things for his protection.

The defendant alleges in his plea that he spoke the words with no malice whatever, and that he had good reason to and did believe that said words were true. The defendant knew whether the words of the libel were true or false. He had knowledge thereof because they related to acts which he states that he did; whether he did the acts or not were facts within his knowledge,—and belief in respect to it is not predicable of knowledge.

The plea is defective in not alleging the truth of the words. If these matters related to acts done by third parties, the plea in its present form might be sufficient under the ruling in *Posnett* v. *Marble*, 62 Vt. 488, but upon the facts stated in the declaration, the plea is defective. The defendant can

only stand upon the truth of the words alleged. He must therefore plead their truth. The demurrer should have been sustained and plea adjudged insufficient.

*The pro forma judgment reversed and cause remanded.*